OPINION OF THE COURT
James F. Niehoff, J.
The complaint in this action alleges that on April 29, 1973 Gary Scott Brown, the infant plaintiff, fell through a defective railing which surrounded the sun deck of the Browns’ apartment in Long Beach, New York.
The defendant, Lillian Pasternak, who resides in the State of Florida, is the absentee owner of the real property which was rented to the Brown family.
At his examination before trial held on July 8, 1975, the plaintiff Joseph Brown testifed that he originally leased the apartment for his family on May 1, 1972. Following an inspection of the premises near the end of May, 1972, Mr. Brown notified the defendant of the fact that several pieces were "coming off the porch fence” and he told Mrs. Pasternak *349 about the condition of the fence during June and July of 1972 as well as during the spring of 1973. Mr. Brown testified that he requested permission from the defendant to repair the porch fence but that she did not give him such permission until 1974. Furthermore, Mr. Brown testified that he never warned, cautioned or informed his children concerning the defective condition of the railing.
Based upon the testimony adduced at the examination before trial of Joseph Brown, the defendant seeks leave from the court to serve an amended answer containing a counterclaim against said plaintiff.
The plaintiffs urge this court to deny the request on two grounds, to wit: (1) that the defendant was guilty of laches; and (2) that the proposed counterclaim may not be maintained because it is premised upon alleged lack of parental supervision.
While it is true that the facts which give rise to defendant’s counterclaim were ascertained during the course of the July 8, 1975 examination before trial of the plaintiff Joseph Brown, said plaintiff has not, as yet, returned an executed transcript of his deposition to the attorneys for the defendant. That being so, the court is not prepared to charge the defendant with laches. Accordingly, the court will determine the issue of whether or not, as a matter of law, the counterclaim sets forth a cause of action.
As noted above, the plaintiffs contend that the proposed counterclaim is premised upon lack of parental supervision. Inasmuch as cases such as Holodook v Spencer (43 AD2d 129) and Lastowski v Norge Coin-O-Matic (44 AD2d 127) hold that no such cause of action exists, the plaintiffs argue that the requested leave to amend must be denied.. Indeeed, if the counterclaim was based upon a lack of parental supervision, the court would not allow the defendant to plead the same. However, the plaintiffs’ assumption that the counterclaim rests upon the theory of lack of parental supervision appears to be without substance. It seems to the court that the counterclaim seeks an apportionment of responsibility in negligence between those parties alleged to have been responsible for the damages to the infant plaintiff as envisioned in the decision of Dole v Dow Chem. Co. (30 NY2d 143).
The plaintiff Joseph Brown as a possessor of real property had the duty to exercise reasonable care to keep the premises in a reasonably safe condition under the circumstances. Mr. *350 Brown has not only admitted prior knowledge of the alleged defective railing but also that he tried to persuade the defendant landlord to fix the fence prior to the date of his son’s accident. Certainly Mr. Brown’s knowledge and failure to act or warn others of the condition would give rise to a question of fact as to liability in the event the injured party was a stranger who brought suit against him as the possessor of concededly defective real property. In short, the court holds that the liability, if any, of Joseph Brown, flows from his independent affirmative acts of negligence which would subject him to liability to anyone injured thereby irrespective of any family relationship.
Since the infant plaintiff would have a cause of action against his father as possessor of the realty, just as he has against Mrs. Pasternak, the owner of the property, the defendant has a vaild Dole counterclaim against the plaintiff Joseph Brown. Accordingly, defendant’s motion for leave to serve an amended answer in the form proposed is granted.